# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NILSON, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WALKER, et al.,<br><br>　　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 1:22-cv-00033-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

## I.　　BACKGROUND

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 11). On March 2, 2022, *pro se* Plaintiffs David Mark Nilson and Cherie Nilson (Plaintiffs) filed their Complaint against Defendants (ECF 1). On August 18, 2022, the court issued an Order to Show Cause (ECF 32) (Order) directing Plaintiffs to explain why this case should not be dismissed for failure to timely serve Defendants. The Order warned Plaintiffs that failure to respond may result in dismissal of this action (*Id.*). Plaintiffs filed a timely Response (ECF 33) referring the court to the following "Notices" previously filed by Plaintiffs: "Notice of No Interference" claiming compensation for interference by court employees (ECF 27); "Notice: No Time Limits" declaring Plaintiffs are not subject to any time limits (ECF 24); "Notice of Signature" requiring "wet-ink" signatures on documents (ECF 16); and "Notice of Invalid" claiming Plaintiffs are "invalid [not legally recognized]" (ECF 17). To date, no proof of service has been filed for any Defendant.

## II.     DISCUSSION

Federal Rule of Civil Procedure 12(b)(5) governs dismissal for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). The plaintiff "bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant." *Marion v. Weber County*, No. 1:18-cv-00148, 2019 WL 5550015, at *1 (D. Utah Oct. 28, 2019) (citation and internal quotation marks omitted). "Although the court construes pro se pleadings liberally, a pro se litigant is required to follow the same rules of procedure as other litigants." *Allison v. Utah County Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004). This means pro se litigants must still "follow the requirements of Fed. R. Civ. P. 4.'" *Id*. (quoting *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993)).

Dismissal under Rule 12(b)(5) "may be based on a plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m)." *Golden v. Mentor Capital, Inc.*, No. 2:15-cv-00176-JNP-BCW, 2017 WL 3379106, at *1 (D. Utah Aug. 3, 2017) (citation and internal quotation marks omitted). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Even "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

This matter has been pending since March 2, 2022, and the time to serve Defendants expired on May 31, 2022. Rather than dismiss this matter after that deadline passed, the court ordered an explanation for the delay in serving the Defendants (ECF 32). Even though Plaintiffs

timely filed the Response (ECF 33), Plaintiffs failed to comply with the Order's directive to explain the reason for their failure to timely serve Defendants. Neither the Response nor the referenced Notices provide any reason for the delay in serving Defendants or any basis to support a finding of good cause to extend the time for service. Moreover, Plaintiffs' Notices and numerous filings in this case are procedurally improper, lack any legal authority, and appear to be based on meritless sovereign citizen arguments, which "ha[ve] been rejected repeatedly by courts." *See Utah Dept. of Workforce Services v. Geddes*, No. 2:13-cv-24-TS, 2013 WL 1367025, at *2 (D. Utah Apr. 4, 2013) (citation and internal quotation marks omitted); *see also Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (noting that "an individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))). Due to Plaintiffs' failure to abide by the rules of this court and to comply with the court's Order, the court finds no basis for a permissive extension of the service deadline in this case. Accordingly, the undersigned recommends dismissal of this case pursuant to Rule 4(m).

## RECOMMENDATION

Based on Plaintiff's failure to timely serve Defendants, the court **RECOMMENDS** that the district judge **DISMISS** this case without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 26 October 2022.

                                              Magistrate Judge Cecilia M. Romero
                                              United States District Court for the District of Utah